### *PENNE vs. TOURNE*

**APPEAL FROM THE COURT OF THE FIRST DISTRICT.**

The affidavit necessary for the continuance of a cause may be made by the person who represents the absent party; but where any thing occurs which excites suspicion that the party has absented himself to obtain a greater latitude through the oath of an agent or his attorney than he could have had were he present, the continuance may be properly refused.

The oath of the attorney to facts, the knowledge of which he derives from his client, is sufficient for a continuance.

When this cause was called for trial, a continuance was prayed for on the affidavit of defendant's counsel, setting forth that a material witness, by whom he expected to prove certain facts, was absent; and that his knowledge of what this witness was expected to prove, was derived from his client, who was absent from the state.

The court *a quo* refused to continue. The cause was tried, and the defendant appealed.

*Morphy* for appellee.

Eastern District,
June 1831

PENNE
vs.
TOURNE.

1st. In order to obtain a continuance, the materiality of an absent witness must be sworn to by the party himself, or by some one having a direct and personal knowledge of the alleged materiality.—*C. P. art.* 465.

*Cannon* for appellant.

*Porter, J.* delivered the opinion of the court.

On the trial of this cause in the court below, a continuance was moved for on the part of the defendant, on an affidavit made by his attorney, of the materiality of a witness, and of due diligence to procure him.

The attorney admitted the knowledge of the materiality of the witness had been derived from his client, and the court considering there was not sufficient evidence before it of this fact, refused the continuance.

The 465th article of the Code of Practice declares, that if one of the witnesses summoned has gone away, and the party applying for continuance swear that he did not know such witness intended to depart, and that his testimony is material, a continuance may be granted.

Under this provision it has been made a point in the cause, that no other person but the party in the suit can make the affidavit. This construction we think too restricted. If the expressions were to be understood thus literally by the court, a nonresident plaintiff, or a defendant where property was attached, would be denied the means of obtaining justice in our courts. This was certainly not contemplated. What a man does by another, he does by himself; and if the case be such a one as presents a fair apology for the party not being present himself in court, we think the person who represents him may make the necessary affidavits to obtain a continuance.

The affidavit necessary for the continuance of a cause may be made by the person who represents the absent party; but where any thing occurs which excites suspicion that the party has absented himself to obtain a greater latitude through the oath of an agent or his attorney than he could have had were he pretent, the continuance may be properly refused.

Whether the case is such a one as authorizes the plaintiff or defendant to be absent, and exercise the right just spoken of through an agent, must depend on the circumstances belonging to it. It is difficult to lay down any general rule. The

Eastern District,
June 1831.

PENNE
vs.
TOURNE.

right to obtain continuance is frequently very much abused, and it is proper that courts should be vigilant in preventing this abuse: while, on the other hand, it is important that the fair exercise of it should not be checked; for it is of the first importance to a correct administration of justice. Where any thing occurs which excites suspicion that the party has absented himself to obtain a greater latitude through the oath of an agent, or his attorney, than he could have had were he present, the continuance may be properly refused. But where nothing occurs to countenance such an idea, the court should act on such evidence as the nature of the case is susceptible of. In this instance it is sworn that the defendant had gone on a voyage to France, and nothing suggests the idea that the absence was produced by this suit, or with a view to influence, in any manner, the conducting of the defence. We should be sorry to lay down a rule which would convey the idea that the moment a man is sued he is compelled to remain there until it is terminated; pressing causes, previously existing, may produce his absence, and matters arising after the action is brought, may require him to go away.

The oath of the attorney to facts the knowleoge of which he derives from his client, is sufficient for a continuance.

Under the circumstances proved, the oath of the attorney in this instance was sufficient to authorize the court to grant the continuance. His knowledge, it is true, was derivative; but he negatives all idea of collusion by swearing the witness was material, and by taking steps to have him summoned previous to the trial. Had he asked the witness what he could prove, it would still have been derivative; a little stronger, perhaps, than the information given by the client, but not much more. Cases of this kind are in a great measure confided to the discretion of the court. The 468th article of the Code of Practice, after laying down the rules for ordinary cases, gives this power to meet those that present special circumstances. We think that discretion was not judiciously exercised in this instance.

And it is therefore ordered, adjudged, and decreed, that

the judgment of the District Court be annulled, avoided, and reversed, and the cause remanded for a new trial; the appellee paying the costs of this appeal.